IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE LEE MORSE,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SONOMA, a municipal corporation, DEPUTY GARZA or DOE 1, DEPUTY LANDS or DOE 2, DOES 1–100, inclusive,<br><br>    Defendants.<br>_____/ | No. C 05-01119 WHA<br><br>**ORDER APPROVING STIPULATED PROTECTIVE ORDER AS MODIFIED** |

The stipulated protective order submitted by the parties is hereby **APPROVED**, as modified below:

**Definitions**

1. The "Action" means *Jamie Lee Morse v. County of Sonoma, et al.*, Case No. C05-01119 WHA, including, but not limited to, the pending civil action, any appeal(s) therefrom and/or any subsequent litigation in State Court resulting from any decision by the federal court(s) to decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

2. "Confidential Discovery Material" means any documents or other information produced or disclosed in this Action by the Defendants which they, in good faith, claim is subject to certain state law police records privileges, including under California Evidence Code Sections 1040, 1043, and 1045; Penal Code Sections 832.7 and 832.8 and/or under Federal Rule of

Evidence 501 and which has been maintained as confidential by the Defendants at all times prior to this Action.

3. "Document" means any written or tangible matter, no matter how produced, recorded, stored or reproduced, and includes writings, tape recordings or other electronically-stored data.

4. "Party" means the Parties to this Action.

5. "Qualified Persons" means:

    (a) the Court;

    (b) consultants and experts for the Parties in this Action;

    (c) attorneys for the Parties and their employees;

    (d) court reporters; and

    (e) Witnesses who the parties jointly agree may have information that is relevant to the Action, or have information that is likely to lead to the discovery of relevant information, pertaining to the Action.

6. "Third Party" means any person or other entity not named as a Party to this Action and who is not listed as a Qualified Person in section 5 above.

**General Provisions**

7. This Protective Order applies, until the Court enters a superseding Protective Order, to all Confidential Discovery Material produced by Defendants, whether produced specifically in response to a formal discovery requests or otherwise.

8. Nothing in this Protective Order shall prejudice any Party or Third Non-Party from seeking amendments hereto or to seek other modifications.

9. Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties it will be treated as though it had been entered.

10. Confidential Discovery Material shall not be used for any purpose other than this Action.

11. All Confidential Discovery Material shall be clearly marked by Defendants as "Confidential."

12. Confidential Discovery Material shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this action. All such copies or reproductions shall be subject to the terms of this Protective Order and shall be returned to Defendants' counsel, upon request, upon the final conclusion of the Action.

13. Qualified Persons defined in section 5, above, shall be deemed bound by the terms of this Protective Order and shall not use any Confidential Discovery Material for purposes unrelated to this Action. In the event that any Confidential Discovery Material is shown to any qualified person under paragraph 5(e), such person must agree to maintain the confidentiality of the Confidential Discovery Material by signing a form containing the following statement:

> "I hereby acknowledge that I am about to receive Confidential Discovery Material. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Protective Order [date entered] in *Jamie Lee Morse v. County of Sonoma, et al*, I have been given a copy of and have read this Order and agree to be bound by its terms."

14. The parties must make a good-faith determination that any information designated "Confidential" warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "Confidential" must be narrowly tailored to include only material for which there is good cause. A pattern of over-designation may lead to an order de-designating all or most materials on a wholesale basis.

15. In order to be treated as confidential, any materials filed with the Court must be lodged with a request for filing under seal and a proposed sealing order in compliance with Civil Local Rule 79-5. The parties are to limit requests for sealing to only those narrowly-tailored portions of materials for which good cause to seal exists. The parties are to file all other portions of the materials in the public file and clearly indicate therein where material has been redacted and sealed. *Each filing requires an individualized sealing order;* blanket prospective authorizations are not longer allowed by Civil Local Rule 79-5.

16. Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration. Although

1   chambers copies should clearly designate which portions are confidential, chambers copies with
2   confidential materials will be handled like all other chambers copies of materials without
3   special restriction, and will typically be recycled, not shredded.

4   17.     Any confidential materials used openly in court hearings or trial will not be treated in
5   any special manner absent a further order.

6   18.     This order does not preclude any party from moving to de-designate information or
7   documents that have been designated as confidential.  The party seeking to designate material as
8   confidential has the burden of establishing that the material is entitled to protection.

9   19.     The Court will retain jurisdiction over disputes arising from the proposed and stipulated
10  protective order for only 45 days after final termination of the action.

**Termination of Protective Order**

20.     The protection of Confidential Discovery Material produced pursuant to, and in conformity with this Protective Order, shall remain in effect until the Court has issued a superseding Protective Order in this Action.

**IT IS SO ORDERED.**

Dated:  October 6, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4